## Cox *v.* Caeti et al., Appellants.

Argued November 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Francis J. Leahey, Jr.,* with him *Englehart, Creany, Englehart & Leahey,* for appellants.

*Blair V. Pawlowski,* for appellant.

*Robert S. Glass,* for appellee.

OPINION PER CURIAM, March 19, 1970:
Order and judgment affirmed.

---

CONCURRING AND DISSENTING OPINION BY HOFFMAN, J.:

This action in trespass was instituted in the Court of Common Pleas of Cambria County by Frank Cox against Frank Caeti and Leonard Pizzillo, t/a Johnstown Builders, and Michael Filippelli. The facts in the case may be summarized as follows: Johnstown Builders, a home improvement company, was engaged in remodeling a home in Cambria County. Filippelli, who conducted his own business in Pittsburgh, was engaged by Johnstown Builders to install a type of stone known as "Catalina Stone" upon certain portions of the home. The installation of the stone constituted only a small portion of the remodeling work which was being conducted by Johnstown. The work

for which Filippelli was engaged was completed in approximately two and one-half days.

On one of those days, Filippelli, while operating a truck registered in his wife's name but which he used in his business, was involved in an accident with an automobile being operated by plaintiff. The accident occurred as Filippelli was attempting to execute a left turn off Route 219 onto the driveway of the home undergoing remodeling.

The jury found in plaintiff's favor and against both defendants in the amount of $10,000. Johnstown Builders filed motions for new trials and judgment n.o.v. on the ground that Filippelli was an independent contractor and that no master-servant relationship existed between them. These motions were denied, and judgment was entered for the plaintiff from which Johnstown Builders appealed.*

It is well-established that whether Filippelli was a servant of Johnstown Builders or an independent contractor, will determine whether Johnstown Builders is responsible for Filippelli's acts of negligence caused in the course of his employment.

Ordinarily, if the facts as to an alleged master-servant relationship are in dispute, it is the function of a jury to determine the nature of the relationship. However, where the facts are not in dispute, the question of the relationship becomes one for determination by the court. *Stepp v. Renn,* 184 Pa. Superior Ct. 634, 135 A. 2d 794 (1957); *Green v. Independent Oil Co.,* 414 Pa. 477, 201 A. 2d 207 (1964); *Johnson v. Angretti,* 364 Pa. 602, 73 A. 2d 666 (1950), and cases cited therein.

---

* Defendant Filippelli also filed post-trial motions and appealed on the ground that plaintiff did not prove negligence and was himself contributorily negligent. I concur in the majority decision in affirming the lower court's dismissal of these motions.

In my opinion, the undisputed facts in this case establish that Filippelli was an independent contractor and that the lower court should have so ruled.

The distinction between an independent contractor relationship and a master-servant relationship has been discussed in numerous cases. Judge WATKINS in *Stepp v. Renn,* supra, summarized the general criteria which control the distinctions.

"The courts have not formulated a hard and fast definition for the determination of whether any given relationship is one of independent contractor or that of employer-employee. They have, however, set forth indicia of such relationship to be used as guides in making such a determination, some of which are: control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of regular business of the employer; and also the right of employer to terminate the employment at any time."

In seeking to establish the existence of a master-servant relationship between Johnstown Builders and Filippelli, plaintiff demonstrated the following:

(a) The "Catalina Stone" being applied by Filippelli was purchased by Johnstown Builders.

(b) Johnstown Builders would inspect the work Filippelli was performing while the work was in progress.

(c) Johnstown Builders stated in answer to a hypothetical question that if Filippelli had been discovered doing poor or unsatisfactory work, Johnstown Builders would have asked him to correct it; if Filippelli refused to comply, they would fire him, "get rid of

him" or "release him from his subcontract" and would not pay him.

(d)   Johnstown Builders was responsible to the homeowner for the overall remodeling job.

(e)   Johnstown Builders' plan was used in regard to where the stone was to be placed.

A careful study of the actual nature of Filippelli's job, indicates, however, that he had the freedom of action, responsibility and control of work ordinarily accorded only to an independent contractor.

(a)   Filippelli's remuneration was determined by the number of square feet of stone to be applied and not by the hours or days of work.

(b)   The number of hours or days or the specific hours or days which he was to work were not prescribed by Johnstown Builders but were left to his own discretion.

(c)   Filippelli used his own equipment, tools and vehicle.   Equipment, tools and a motor vehicle were not furnished by Johnstown Builders.

(d)   Filippelli employed, paid and supervised his own workers who were used by him on the job.

(e)   The installation of "Catalina Stone" is a specialized craft and Johnstown Builders was acquainted with only approximately eight men who performed this type of work.

(f)   While Johnstown Builders instructed Filippelli as to where the stone was to be placed in accordance with the general plans, it was Filippelli's decision to determine how the stone was to be placed.

(g)   The installation of the stone took approximately 2 1/2 days and Filippelli was paid when his work was completed.

(h)   Filippelli was self-employed within the Commonwealth of Pennsylvania, his speciality being the installation of Catalina Stone.

(i) Filippelli had worked for a number of other builders other than Johnstown Builders.

In short, the criteria set forth in *Stepp v. Renn,* supra, for an independent contractor is applicable to Filippelli. Johnstown Builders did not control the manner of work done, and Filippelli acted on his own. The nature of the work performed by Filippelli involved a special skill for which he supplied his own tools and hired and paid his own employees. Payment was made for the job and not by the hour or day.

The major factors upon which plaintiff relied were: (1) that Johnstown Builders stated in answer to a hypothetical question that they would have fired Filippelli if he had been doing poor work and if he had refused to correct same; and (2) that they would inspect the work which Filippelli was performing in the midst of his performance. Neither of these factors would appear to be here controlling, however.

Many cases have indicated that the power in one party to terminate the employment of the other at any time even without cause is not alone sufficient to constitute a master-servant relationship. See *George v. Nemeth,* 426 Pa. 551, 233 A. 2d 231 (1967), and *Green v. Independent Oil Company,* supra. Where the power to terminate the relationship arises upon good cause, however, such as for poor workmanship by the independent contractor, there would appear to be little question but that such right is equally available to a contractee and to a master. See *Green v. Independent Oil Company,* supra.

In the instant case, the evidence shows clearly that Johnstown's possible power of termination existed only for good cause—that being poor workmanship by Filippelli and refusal to correct same. There is nothing to suggest that Johnstown Builders possessed the power of termination of employment without cause. It would, therefore, seem clear that Johnstown's power to ter-

minate Filippelli's employment for good cause is only a minor and rather insignificant factor to be considered in analyzing this relationship.

Similarly the fact that Johnstown Builders would inspect the work that Filippelli was performing does not establish that Filippelli was its servant, since the evidence, as previously discussed, clearly shows that the mode and means of performance were within Filippelli's exclusive control. It seems obvious that an employer always reserves a right of supervision over the work being performed for the purpose of merely seeing that a desirous result is reached. Nonetheless, the workman may still be an independent contractor so long as he is not deprived of the power to reach the desired result according to his own initiative. In *Murrin v. Rifugiato,* 373 Pa. 561, 565, 96 A. 2d 865 (1953), an alleged master would daily inspect certain construction work being performed by his alleged servant. The Supreme Court held that such inspections were insufficient to establish that the employer retained control over the manner in which the employee performed his work. The Supreme Court there stated: "It is normal for an owner or an interested party to visit the scene of new construction to observe the progress of the work. Such inspections of finished work furnish no evidence of a right to control the workmen."

In this case Johnstown Builders was, of course, interested in observing the progress of the work, since it was responsible to the homeowner for the quality of the entire project. However, there is nothing in the evidence which shows that Johnstown Builders retained control over the manner of Filippelli's performance. In fact, Johnstown Builders and Filippelli, as previously noted, all testified that the specific details regarding the method of installing the "Catalina Stone" were exclusively within Filippelli's control.

In summary, as the Supreme Court reiterated in *Green v. Independent Oil Company,* supra, "the hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result." It seems clear in the instant case that Johnstown Builders was only interested in the result of the work but did not have exclusive control of Filippelli's manner of performing it.

Under such circumstances, the lower court should have found, as a matter of law, that Filippelli was an independent contractor of Johnstown Builders and should have entered judgment n.o.v. for them. I would, therefore, reverse the judgment against Johnstown Builders and enter judgment n.o.v. in their favor.

CERCONE, J., joins in this concurring and dissenting opinion.

SPAULDING, J., dissents.