Cox *v.* Caeti et al., Appellants.

Argued March 18, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Francis J. Leahey, Jr.,* with him *Englehart, Creany, Englehart & Leahey,* for appellants.

*Robert S. Glass,* for appellee.

Opinion by Mr. Justice Barbieri, July 20, 1971:

This case comes to us on allowance of appeal from the per curiam affirmance by the Superior Court, *Cox v. Caeti*, 216 Pa. Superior Ct. 214, 263 A. 2d 765 (1970), of a judgment entered in the Court of Common Pleas of Cambria County. In the Superior Court, Judge Hoffman filed a concurring and dissenting opinion in which Judge Cercone joined. Judge Spaulding noted his dissent.

The facts of the case are well stated by Judge Hoffman (at pages 215-216): "This action in trespass was instituted in the Court of Common Pleas of Cambria County by Frank Cox against Frank Caeti and Leonard Pizzillo, [trading as] Johnstown Builders, and Michael Filippelli. Johnstown Builders, a home improvement company, was engaged in remodeling a home in Cambria County. Filippelli, who conducted his own business in Pittsburgh, was engaged by Johnstown Builders to install a type of stone known as 'Catalina Stone' upon certain portions of the home. The installation of the stone constituted only a small portion of the remodeling work which was being conducted by Johnstown. The work for which Filippelli was engaged was completed in approximately two and one-half days.

"On one of these days, Filippelli, while operating a truck registered in his wife's name but which he used in his business, was involved in an accident with an automobile being operated by plaintiff. The accident occurred as Filippelli was attempting to execute a left turn off Route 219 onto the driveway of the home undergoing remodeling.

"The jury found in plaintiff's favor and against both defendants in the amount of $10,000. Johnstown Builders filed motions for new trials and judgment n.o.v. on the ground that Filippelli was an independent

contractor and that no master-servant relationship existed between them. These motions were denied, and judgment was entered for the plaintiff from which Johnstown Builders appealed." (Footnote omitted)

Appellants' only argument on appeal * is that it was error for the trial court to submit to the jury the question of whether Filippelli was an employe of Johnstown Builders or an independent contractor and that the lower court should have instead held Filippelli to be an independent contractor as a matter of law. It is true, of course, that only if Filippelli were found to be an employe of Johnstown Builders acting in the scope of his employment could Johnstown Builders be held liable for Filippelli's negligence. See, e.g., *Hader v. Coplay Cement Mfg. Co.,* 410 Pa. 139, 189 A. 2d 271 (1963).

We find Judge HOFFMAN's opinion persuasive and conclude, as he did, that the trial court should not have submitted this question to the jury but rather should have decided it as a matter of law. As was said in *Green v. Independent Oil Co.,* 414 Pa. 477,483-84, 201 A. 2d 207 (1964) : "In ascertaining whether a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged: Joseph v. United Workers Association, 343 Pa. 636, 639, 23 A. 2d 470; Feller v. New Amsterdam Casualty Co., 363 Pa. 483, 486, 70 A. 2d 299. If the facts as to such relationship are in dispute, it is the function of a jury to determine the pre-

---

* Judges HOFFMAN and CERCONE concurred with the majority in its affirmance of the lower court's denial of Filippelli's motions for new trial and judgment n.o.v. on the issues of negligence and contributory negligence. As Filippelli did not file a petition for allowance of appeal, these issues are not before us.

cise nature of the relationship between the parties: Feller, supra, at p. 486. However, where the facts are not in dispute, the question of the relationship becomes one for determination by the court: Joseph, supra, p. 639; Feller, supra, p. 486; Johnson v. Angretti, 364 Pa. 602, 607, 73 A. 2d 666." (Footnotes omitted) Examination of the record discloses that the facts on the question before us are not in dispute.

We also accept Judge HOFFMAN's analysis of the relation between Filippelli and Johnstown Builders. He concluded that a "careful study of the actual nature of Filippelli's job, indicates . . . that he had the freedom of action, responsibility and control of work ordinarily accorded only to an independent contractor." *Cox,* supra, at page 218. Among the facts enumerated by Judge HOFFMAN in support of his conclusion which we also think significant are: Filippelli was paid by the job rather than by the hour; Filippelli used his own equipment, tools, and vehicle; Filippelli paid and supervised his own workers on the job; the installation of Catalina Stone is a specialized job which very few men can perform; the installation of the stone took only two and one-half days; Filippelli was self-employed, his specialty being the installation of Catalina Stone; and Filippelli had done similar jobs for other builders. It is clear to us that Johnstown Builders controlled only the result of the work and not the manner in which it was accomplished and thus they were not Filippelli's employer. See *Independent Oil Co.,* supra.

Appellee's major arguments in support of his contention of an employer-employe relationship are that Johnstown Builders (1) inspected Filippelli's work in progress and (2) answered a hypothetical question at trial to the effect that they would have replaced Filip-

148

pelli if he were found to be doing an unsatisfactory job.

We believe that both of these characteristics are consistent with independent contractor status. Our Court has previously held that inspection of the progress of the work does not necessarily require an inference of exclusive control over the manner of performance of the work, but rather only of interest in the result. *Murrin v. Rifugiato,* 373 Pa. 561, 96 A. 2d 865 (1953). Similarly, our Court has also held that the power to terminate the employment of another for cause is not by itself sufficient to constitute a master-servant, employer-employe relationship. *George v. Nemeth,* 426 Pa. 551, 233 A. 2d 231 (1967). See also *Independent Oil Co.,* supra.

Accordingly, we hold that it was error for the trial court to submit the employe-independent contractor issue to the jury. The Court should have held as a matter of law that Filippelli was an independent contractor.

Order of the Superior Court reversed. Judgment non obstante veredicto entered in favor of appellants.

Mr. Justice JONES took no part in the consideration or decision of this case.