IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Balczarek,                          :
                          Petitioner       :
                                           :
          v.                               :          No. 1492 C.D. 2019
                                           :          Submitted: February 28, 2020
Workers' Compensation Appeal               :
Board (Evans Delivery Corporation),        :
                          Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                                     FILED: May 11, 2020

          Edward Balczarek (Claimant) petitions for review from an order of the

Workers' Compensation Appeal Board (Board) that affirmed an order of a Workers'

Compensation Judge (WCJ) denying his claim petition based on his independent

contractor status.[1]  Critically, the WCJ determined Claimant was not an employee of

Evans Delivery Corporation (Evans Delivery) under the Workers' Compensation Act

(Act).[2]  Claimant argues the WCJ disregarded the control Evans Delivery exercised

over his day-to-day job duties and seeks reversal of the Board order upholding the

WCJ on that basis.  He also contends the WCJ failed to issue a reasoned decision

pursuant to Section 422(a) of the Act, 77 P.S. §834.  In the alternative, Claimant asks

for a remand with directions to the WCJ to reconsider the record and issue a reasoned

decision.  Upon review, we affirm the Board's order.

_____

[1] The WCJ also denied a joinder petition and a penalty petition that are not at issue on appeal.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

## I. Background

Claimant, who was 77 years old at the time of the incident, worked as a truck driver moving and delivering cargo for Evans Delivery for almost 30 years. At all times, Claimant used his own truck to move cargo in the Parker Avenue Pier under a truck lease with Evans Delivery. In January 2014, he signed an Equipment & Hauling Lease whereby he leased his truck to Evans Delivery (Agreement). The Agreement designated Claimant as a contractor who owned the truck.

On March 13, 2017, Claimant suffered a right leg crush injury when struck by cargo that fell from his truck while unloading a container for Evans Delivery. He reported the injury to the general manager of Evans Delivery the same day and continued his work. He did not seek medical attention for several days. Subsequently, Claimant filed a claim petition, seeking full disability benefits as of the injury date and ongoing. Initially, Evans Delivery did not respond to the claim; subsequently, it answered that Claimant was an independent contractor, and thus, ineligible for benefits. The matter was assigned to a WCJ.

The WCJ held a series of hearings where he accepted evidence regarding the relationship between the parties. The record included testimony by Claimant on his own behalf, and testimony of Matthew Bates, Vice President of Safety and Risk Management (Vice President) for Evans Delivery. Both parties testified regarding their respective businesses and material terms of the Agreement. Vice President also testified about Evans Delivery's operations and its payment of Claimant and other owner/operators of trucks as independent contractors.

Based on the testimony and documentary evidence, the WCJ found the following facts. Claimant was a truck driver for 30 years, delivering containers to customers for Evans Delivery. WCJ Dec., 7/23/18, Finding of Fact (F.F.) No. 4. The container would be hooked to the back of the truck leased to Evans Delivery under the Agreement. Claimant started his day at the same Philadelphia depot, and contacted the Evans Delivery dispatcher about his delivery order. Evans Delivery did not control Claimant's delivery route. Claimant had the opportunity to work for other companies, selected his assignments, and was responsible for securing his own workers' compensation insurance. Also, he received no training from Evans Delivery, and while his truck bore Evans Delivery's insignia, he did not wear a uniform.

The Agreement that Claimant signed in 2014, which was in effect at the time of his injury, governed the parties' relationship. Under the Agreement, Evans Delivery paid for use of the truck, such that if Claimant was no longer able to drive, "[t]here would have to be another driver[,] but the financial relationship is with the truck." F.F. No. 5. The Agreement stated Claimant was an independent contractor. Reproduced Record (R.R.) at 134a. Under its terms, Claimant was paid by the load.

The WCJ also made specific credibility determinations. F.F. Nos. 6-7. He found "Claimant is not credible that he did not read the documents and contracts including the [Agreement] before signing those documents [when he] … admittedly leased his truck to [Evans Delivery] and received a 1099 at the end of that year." F.F. No. 6. By contrast, the WCJ credited Vice President's testimony that "Claimant was an independent contractor and not an employee of [Evans Delivery]" because it was supported by the documentary evidence (*i.e.*, tax forms, Agreement). F.F. No. 7.

3

Concluding Claimant did not establish an employment relationship, the WCJ dismissed the claim petition. Claimant appealed this decision to the Board.

Ultimately, the Board affirmed the WCJ's conclusion that Claimant did not prove his status as an employee of Evans Delivery. It emphasized the Agreement, "signed and initialed by Claimant, indicates that the nature of their relationship was one of independent contractor." Bd. Op., 10/01/19, at 9. The Board rejected Claimant's challenges to the WCJ's credibility determinations which are binding on appeal. Reviewing the undisputed facts regarding Claimant's operation as a sole proprietorship and his responsibility for truck maintenance and related expenses, the Board concluded that substantial evidence supported the WCJ's findings.

Claimant petitions for review from the Board's order. After briefing,[3] the matter is ready for disposition.

## II. Discussion

On appeal, Claimant argues the Board erred in concluding he was an independent contractor. Primarily, Claimant contends he was converted to an employee because he chose to work for Evans Delivery exclusively for 15 years.

Whether an employer/employee relationship exists is a question of law that is determined based on the unique facts of each case. *Am. Rd. Lines v. Workers' Comp. Appeal Bd. (Royal)*, 39 A.3d 603 (Pa. Cmwlth. 2012). Our review of matters of law is plenary. *Id.*

---

[3] Two different insurers filed briefs purportedly on Evans Delivery's behalf, National Interstate Insurance (Evans Delivery's insurer) and One Beacon Insurance (Claimant's occupational insurer).

4

However, we defer to the fact-finder on matters of fact and credibility. The WCJ, as the ultimate fact-finder in workers' compensation cases, "has exclusive province over questions of credibility and evidentiary weight ...." *Anderson v. Workers' Comp. Appeal Bd. (Penn Ctr. for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010). The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25 (Pa. Cmwlth. 2005). Indeed, "[t]he WCJ may accept or reject the testimony of any witness … in whole or in part." *Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161 (Pa. Cmwlth. 2016). This Court is bound by the WCJ's credibility determinations. *A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233 (Pa. Cmwlth. 2013).

This appeal presents the threshold legal question of whether Claimant established an employment relationship with Evans Delivery.

### A. Substantial Evidence-Employment Status

Independent contractors cannot recover benefits under the Act, "making employment status critical." *Am. Rd. Lines*, 39 A.3d at 610 (citing *Cox v. Caeti*, 279 A.2d 756 (Pa. 1971)). Claimant bore the burden of proving all the elements necessary to support his claim petition. *Id.* This includes establishing the existence of an employer-employee relationship. *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328 (Pa. 2000). Although there is no bright-line rule to determine the existence of an employment relationship, certain established guidelines and various factors must be taken into consideration. *Hammermill Paper Co. v. Rust Eng'g Co.*, 243 A.2d 389 (Pa. 1968).

5

In determining whether a relationship is that of employer/employee or owner/independent contractor, courts consider a number of factors, including:

> (1) control [over the] manner the work is done; (2) responsibility for result only; (3) terms of agreement between the parties; (4) nature of the work/occupation; (5) skill required for performance; (6) whether one is engaged in a distinct occupation or business; (7) which party supplies the tools/equipment; (8) whether payment is by time or by the job; (9) whether work is part of the regular business of employer; and (10) the right to terminate employment.

*Am. Rd. Lines*, 39 A.3d at 611 (citing *Hammermill Paper*). No one factor is dispositive. However, "[t]he key factor is whether the alleged employer had the <u>right to control the work</u> to be done <u>and the manner</u> in which the work is performed." *Id.* (emphasis added). Courts analyze these factors when examining employment status in the truck driver/delivery company context. *See Universal Am–Can*; *Am. Rd. Lines*; *Baykhanov v. Workers' Comp. Appeal Bd. (Onixe Exp.)* (Pa. Cmwlth., No. 245 C.D. 2018, filed Oct. 12, 2018), 2018 WL 4940168 (unreported) (holding non-owner truck driver was independent contractor).[4] In this context, we assess the degree of supervision and control over delivery routes and timing of work or schedule. *Am. Rd. Lines.*

Control exists "where the alleged employer: possesses the right to select the employee; the right and power to discharge the employee; the power to direct the manner of performance; and, the power to control the employee." *Id.* at 361. The existence of the right to control is most significant, regardless of whether that control is actually exercised. *Qian Hu Zhang v. Workers' Comp. Appeal Bd.* (Pa. Cmwlth., No. 1674 C.D. 2018, filed Aug. 2, 2019), 2019 WL 3504464 (unreported).

---

[4] We may cite unreported cases for their persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Relevant here, Claimant represented that he: (1) received a 1099 form at the end of the year and filed it with his taxes; (2) operated his truck business as a sole proprietor; (3) owned his own truck; (4) selected his assignments; (5) was paid by the load; (6) did not wear a uniform; (7) was responsible for obtaining his own insurance; and (8) signed the Agreement designating him an independent contractor. F.F. No. 5; R.R. at 28a-38a. Collectively, these admissions support the WCJ's determination that Claimant was *not* Evans Delivery's employee.

Further, Claimant signed the Agreement in January 2014. R.R. at 33a. The Agreement expressly states there is no employment relationship based on the lease of his truck to Evans Delivery. Specifically, it provides: "It is expressly understood and agreed that [Claimant] is an independent contractor for the Equipment [(*i.e.*, truck)] and driver services provided pursuant to this Agreement." R.R. at 134a. Claimant acknowledged that he understood the Agreement related to the lease of his truck for deliveries, not to him as a truck driver. Stated differently, another truck driver could have continued operating Claimant's truck and performing deliveries under the Agreement.

Significantly, Claimant did not substantiate the requisite control by Evans Delivery over his work performance. Aside from the clear statement in the 2014 Agreement that he was an independent contractor, Claimant was free to work for other companies. There is nothing in the record to substantiate that he had a supervisor observing the manner in which he unloaded containers. Also, there was no evidence that Evans Delivery had the right to exercise any control over Claimant's delivery route. Thus, the requisite control was not present. *Am. Rd. Lines*.

7

Crucially, the WCJ did not find Claimant credible when he insisted that he had not read the 2014 Agreement. F.F. No. 6. By contrast, he credited Vice President's testimony that Evans Delivery is a "for hire trucking company" that operates through lease agreements with truck owners. F.F. No. 5. Such credibility determinations are solely in the province of the WCJ as fact-finder. *Edwards*.

Claimant's contentions that, notwithstanding the Agreement, this Court should construe an employment relationship between the parties based on his long-standing relationship with Evans Delivery are unavailing. Claimant asserts he was different from other truck drivers in that he occasionally performed non-driver tasks as assigned for which he received payment. He noted he performed specific tasks on a cash basis for the prior general manager, "as a favor." R.R. at 38a. He contends the payment for those tasks suggests he had duties in addition to driving his truck, forming the basis for an employment relationship. We disagree.

Claimant's testimony about tasks assigned to him by the prior general manager, who retired five years ago, does not establish an employment relationship at the time of his accident in 2017. First, there is no evidence that Evans Delivery assigned the tasks or paid for their performance, which were paid in cash. Claimant confirmed that Evans Delivery only paid him as shown on the 1099 form. R.R. at 34a. Regardless, his contentions that he was working in this non-driver capacity are directly contradicted by his testimony that he was securing cargo after speaking with the dispatcher at the time of injury. *See Always Moving, LLC v. Workers' Comp. Appeal Bd. (Sutton)* (Pa. Cmwlth., No. 1183 C.D. 2016, filed Apr. 20, 2017), 2017 WL 1422895 (unreported) (claimant must prove employee status in both capacities).

8

Additionally, Claimant's reported belief that he was an employee of Evans Delivery, based on working for them exclusively for 15 years, does not create an employment relationship. *Universal Am–Can*; *Am. Rd. Lines*. Despite their long-term affiliation, there is no credited evidence showing Claimant had an employment relationship with Evans Delivery.

Moreover, Claimant admitted that he operated as a sole proprietorship, leasing his truck to Evans Delivery. R.R. at 33a. He admitted that he was never issued a W-2 form; rather, he received a 1099 tax form for contractors. Claimant filed taxes using the 1099 forms, and was paid by the load. To the extent Claimant cites the use of Evans Delivery's Department of Transportation number and insignia on his own truck as showing his status as an employee, our Supreme Court squarely rejected that as an indicator of employment status. *See Universal Am–Can.*

Therefore, we discern no error by the Board in upholding the WCJ's determination that Claimant was an independent contractor and not an employee. As a result, Claimant is not entitled to workers' compensation benefits.

### B. Reasoned Decision

Next, we consider Claimant's contention that the WCJ did not issue a "reasoned decision" in accordance with Section 422(a) of the Act, 77 P.S. §834. To satisfy the reasoned decision requirements of Section 422(a), "a WCJ must set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it." *A & J Builders,* 78 A.3d at 1243.

9

To constitute a reasoned decision within the meaning of Section 422(a), a WCJ's decision must permit adequate appellate review. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043 (Pa. 2003). "[S]ome articulation of the actual objective basis for the credibility determination must be offered for the decision to be a 'reasoned' one which facilitates effective appellate review." *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 194-95 (Pa. Cmwlth. 2006) (quoting *Daniels*, 828 A.2d at 1053).

The WCJ's decision was sufficient to enable adequate appellate review. Here, Claimant merely challenged the credibility determinations, and asks this Court to deem the decision as not reasoned on that basis. However, a disagreement regarding credibility does not render the WCJ's decision not reasoned. *Daniels*.

Further, the WCJ offered an objective basis for his credibility determinations. *See* F.F. Nos. 5-6. The WCJ explained he credited the testimony of Vice President of Evans Delivery over the testimony of Claimant because the documents supported Vice President's testimony. By contrast, Claimant's testimony was not consistent with the Agreement he admitted to signing. F.F. No. 5.

Because we can adequately review the matter, and the WCJ explained his credibility determinations, the WCJ's decision qualifies as reasoned.

### III. Conclusion

For the foregoing reasons, we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge


Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Balczarek,                          :
                         Petitioner        :
                                           :
            v.                             :        No. 1492 C.D. 2019
                                           :
Workers' Compensation Appeal               :
Board (Evans Delivery Corporation),        :
                         Respondent        :

# **O R D E R**

     **AND NOW**, this 11th day of May 2020, the order of the Workers'

Compensation Appeal Board is AFFIRMED.

 

                                        _____

                                       J. ANDREW CROMPTON, Judge