## Stepp, Appellant, *v.* Renn.

Argued October 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas Wood,* for appellant.

*Daniel F. Knittle,* with him *Greevy, Knittle* and *Fisher,* for appellee.

OPINION BY WATKINS, J., November 12, 1957:

On or about July 16, 1954 the appellant, Carl F. Stepp, was engaged by the appellee, C. Raymond Renn,

to paint the roofs of his barn, wagon shed and house located on a farm near Muncy, Pa., under the following written agreement.

"July 16th, 1954 Contract between C. Raymond Renn party of the 1st part and Carl Stepp, party of 2nd part. Party of 2nd part agrees to paint roof of Barn, Wagon Shed, and house, owned by party of 1st part, for the sum of Twenty five Dollars and party of 2nd part relieves party of 1st part from all liability due to any mishap—party of 1st part to furnish paint and brush."

Several days later, appellant began work and borrowed from appellee a rope and weight which was used by appellant to anchor the paint bucket on the roof to prevent its sliding off, and also a pair of over-sized artics. Appellee also supplied the paint and brush as per their agreement and also furnished transportation to the job site for the appellant.

On the third day of work, appellant discarded the weight and artics, and was injured by falling from the barn roof, which fall was caused by the paint bucket sliding down the roof pulling the rope after it, which rope caught the appellant's leg causing him to slide off the roof and injure his heel.

After trial in the court below the jury returned a verdict against the appellee for One Thousand ($1,000) Dollars. Appellee moved for a judgment non obstante veredicto which the court below granted and this appeal followed.

The court in determining whether or not a judgment non obstante veredicto should be granted or not must view the testimony in the light most favorable to the party who received the verdict and must resolve all conflicts in his favor, and must give him the benefit of every fact and inference of fact reasonably to be deduced from the evidence. *Stewart v. Supplee-Wills-*

*Jones Milk Company,* 180 Pa. Superior Ct. 583, 119 A. 2d 548 (1956).

From a reading of the entire record we fail to find where the appellant has shown the appellee to be negligent in any way. It is the opinion of this Court that this matter turns on a single major premise; that being the relationship of the parties.

The precise nature of the relationship of the parties, under the evidence, presents a question of fact which it is the exclusive function of the jury to determine, after proper instructions by the court as to the matters of fact to be considered, except where the facts, as in the case now under consideration, are not in dispute and the evidence is direct and certain, presenting no question of credibility and having no sufficient ground for inconsistent inferences of fact. *Joseph v. United Workers Ass'n.,* 343 Pa. 636, 23 A. 2d 470 (1942); *Burns v. Elliott-Lewis Electrical Co., Inc.,* 118 Pa. Superior Ct. 243, 179 A. 47 (1935).

The courts have not formulated a hard and fast definition for the determination of whether any given relationship is one of independent contractor or that of employer-employee. They have, however, set forth indicia of such relationship to be used as guides in making such a determination, some of which are: Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time. *Feller v. New Amsterdam Casualty Co.,* 363 Pa. 483, 70 A. 2d 299 (1950); *Johnson v. Angretti et al.,* 364 Pa. 602, 73 A. 2d 666 (1950).

638

These indicia are not to be considered as circumstantial in nature and whether some or all of them exist in any given situation is not absolutely controlling as to the outcome, each case must be determined on its own facts.

In the instant case, the appellee did not control the manner of performance, and the appellant was responsible for the results only. There was a written agreement between the parties indicating an independent contractor relationship, which the appellant attempted to repudiate. However, his own testimony clearly shows he knew its meaning and content. The work to be done did not require special skill; payment was to be on a job basis; the work to be done was not a part of the appellee's regular business, and he could not terminate the agreement without cause. The appellee did supply the tools and material, and the appellant was not engaged in the distinct occupation of a painter.

Viewing the evidence in the light most advantageous to the appellant, and giving him the benefit of every inference of fact favorable to his contentions, which may legitimately be deduced from it, as we are bound to do in view of the verdict in his favor, we are convinced, like the court below, that there is compelling evidence in the record which indicates the appellant was an independent contractor. This being so, the defendant-appellee owed to the plaintiff-appellant the duty of exercising reasonable care to have the premises in a safe condition for the work to be performed, unless the defects causing the injury are known to the contractor. *Nettis v. General Tire Company of Philadelphia, Inc.*, 317 Pa. 204, 177 A. 39 (1935) ; *Engle v. Reider*, 366 Pa. 411, 77 A. 2d 621 (1951) ; *Miller v. Hickey*, 368 Pa. 317, 81 A. 2d 910 (1951). Nothing in the record indicates the defendant-appellant did not fulfill this obligation.

Judgment affirmed.