## Ebersole v. Hess

*Alspach & Ryder,* for plaintiffs.
*Morgan, Hallgren & Heinly, P.C.,* for defendant.

MUELLER, *J.,* January 16, 1980—Plaintiffs purchased a new home from defendants and two years later discovered wood-boring beetles in the walls of one room. Plaintiffs contend that defendants installed "unfit, unsuitable, faulty and unsound" wood during construction of the house. Plaintiffs seek recovery on a number of theories— negligence, misrepresentation, strict liability and breach of implied warranty. Now before the court is defendant Martha Hess's motion for summary judgment.

Martha Hess states in her motion that she is entitled to judgment as a matter of law on all counts of plaintiffs' complaint because she was not involved in the building or planning of the house, because she never had any contact with plaintiffs before the

agreement of sale was signed and because she never made any representations to plaintiffs. Mrs. Hess was, however, a record owner of the property which was sold to plaintiffs.

Even if Mrs. Hess did not actually participate in the planning or building of the house nor make any representations as to its soundness, she may still be liable for the acts of her husband if an agency relationship exists between them. Restatement, 2d, Agency, §22, states that to the extent that a married woman is subject to liability for the torts of an agent, she is subject to liability for the torts committed by her husband acting as agent.

Summary judgment should be entered only when there is not the slightest doubt as to the absence of a triable issue of material fact: 2 Goodrich-Amram 2d §1035(b):3. If there is a question as to whether Mr. Hess was an agent of Mrs. Hess, that question must be decided at trial and not on a motion for summary judgment.

In an action based on misrepresentation, the general rule is that a principal can be held liable for the misrepresentations of her agent if the misrepresentation is authorized, apparently authorized or within the power of the agent to make for the principal: Restatement, 2d, Agency, §257.[1] Pennsylvania courts have declined to follow this general rule, however, requiring that the principal must have authorized, participated in or knowingly permitted the agent to make the false statements: Shane v. Hoffmann, 227 Pa. Superior Ct. 176, 324 A. 2d 532 (1974). Under the Pennsylvania case law a trier of

1. See also Restatement, 2d, Agency, §251, with regard to negligent misrepresentation.

fact would still have to determine whether Mrs. Hess authorized or knowingly permitted her husband to make false statements with regard to the soundness of the house if he is indeed her agent. Summary judgment cannot be entered on the causes of action based on misrepresentation.

A principal can be held liable for the harm caused by the negligence of a non-servant agent only if the principal was under a duty to have the agent's act performed with care: Restatement, 2d, Agency, §251. A principal can also be held liable for the negligence of a servant in performing acts within the scope of the servant's employment: Restatement, 2d, Agency, §§243, 251. While it seems unlikely that plaintiffs will be able to establish a master-servant relationship between Mr. and Mrs. Hess in this case, this is a question for the trier of fact to determine based on the facts of the case: Stepp v. Renn, 184 Pa. Superior Ct. 634, 135 A. 2d 794 (1957). Summary judgment cannot be granted as to plaintiff's first cause of action which is based on negligence.

Plaintiffs' fourth cause of action is based on strict liability in tort. The elements of this tort have been set out in section 402A of the Restatement, 2d, Torts. This section of the Restatment was adopted by the Pennsylvania Supreme Court in Webb v. Zern, 422 Pa. 424, 210 A. 2d 853 (1966), but no Pennsylvania court has yet ruled on the question of whether section 402A applies to the sale of a house. Most courts in other states which have considered this question have held that strict liability and section 402A do apply to the sale of a new house: State Stove Mfg. Co. v. Hodges, 189 So. 2d 113 (Miss. 1966); Avner v. Longridge Estates, 272 Cal. App. 2d 607, 77 Cal. Rptr. 633 (1969); Schipper v.

Levitt & Sons, Inc., 44 N.J. 70, 207 A. 2d 314 (1965). While under section 402A either a manufacturer *or* a seller would be liable for damage caused by a defect in the product sold, the cases dealing with strict liability as applied to the sale of new houses seem to apply strict liabilty only to builder-vendors or to building contractors. The court is aware of no cases which hold one who is merely the vendor of a new house is strictly liable for damage caused by a defect in the house. Since Mrs. Hess is only a vendor of the property,[2] there is no authority for allowing an action to be maintained against her based on strict liability in tort for damage caused by an alleged defect in the house which was sold to plaintiffs. Summary judgment will, therefore, be granted as to Mrs. Hess on this cause of action.

The same reasoning applies to the cause of action based on a breach of implied warranty. In Elderkin v. Gaster, 447 Pa. 118, 288 A. 2d 771 (1972), the Supreme Court held only that a builder-vendor impliedly warrants that the new house he sells is of reasonable workmanship and habitability. The rationale of this case has been extended to allow a first user-purchaser to sue a builder who is not the vendor where the realty company which actually sells the property is merely a conduit between the builder and the purchaser: Skretvedt v. The Maple Corp., 72 D. & C. 2d 637 (1974). The courts of this state have not yet held that one who is merely a vendor of a new house impliedly warrants the workmanship or habitability of the house. See Pul-

2. In their complaint and depositions plaintiffs aver and admit that Mrs. Hess did nothing more than join in the deed for the land and newly constructed house which she owned jointly with her husband.

lin v. Myers, 208, August Term, 1978, Lancaster County Court of Common Pleas, Eckman, *J.* Since Mrs. Hess's only involvement with this property is as a vendor, she cannot be held liable on the basis of an implied warranty of habitability. Summary judgment will be granted in favor of Mrs. Hess on the fifth cause of action.

## ORDER

And now, January 16, 1980, defendant Martha Hess's motion for summary judgment is granted as to plaintiffs' fourth cause of action which is based on strict liability in tort and as to plaintiffs' fifth cause of action which is based on implied warranty of habitability. Defendant Martha Hess's motion for summary judgment is denied as to plaintiffs' first, second and third causes of action which are based on misrepresentations and negligence.