# Davis v. Clear Lake Lumber Inc.

*David Swanson,* for plaintiffs.
*Mark Mioduszewski,* for defendants.

WOLFE, *P.J.,* December 8, 1989 — Defendant Conewango Valley Country Club has filed preliminary objections to plaintiffs' complaint seeking damages to approximately nine acres of plaintiffs' property by cutting and destroying trees and surface damage to the land.

The basis of the complaint, in essence, is that plaintiffs and Jane W. Kopf entered into a right-of-way agreement with defendant Conewango Valley Country Club Inc., which right-of-way was assigned by Conewango to defendant Clear Lake Lumber Inc. The purpose of the right-of-way was for Conewango to gain access to its property for cutting and removal of timber thereon. Plaintiffs allege Conewango's assignee wrongfully entered plaintiffs' premises "without permission or authority and cut down and destroyed all trees and timber having a stump diameter of 15 inches or greater over an area of approximately 9 acres of plaintiffs' land."

The complaint alleges Clear Lake was acting as the agent, servant and employee of Conewango and

under its control, direction and supervision with regard to the removal of Conewango's timber from its land.

The complaint seeks compensatory damages by pleading same generally and punitive damages based on the allegation, "Defendants in all their actions complained of herein, conducted themselves in a wanton, reckless, willful and intentional manner, knowing that their conduct was not in accord with law and with the right-of-way agreement and in reckless disregard of the plaintiffs' property and rights."

Finally, plaintiffs seek treble damages for the wrongful destruction of the timber by defendants.

We will dispose of the preliminary objections serially.

I.

### Preliminary Objections in the Nature of a Demurrer

This demurrer addresses the failure of the complaint to impose vicarious liability as a matter of law on Conewango for the negligent acts of Clear Lake. This argument is based in Conewango's position Clear Lake, as an assignee, is an independent contractor and not an agent of Conewango, and as such an independent contractor cannot vicariously impose liability as an agent may do if acting within the scope of the agent's employment.

We have no problem agreeing with Conewango's cases and holdings thereof cited in its brief: *Drexel v. Union Prescription Centers Inc.,* 582 F.2d 781, 785 (3d Cir. 1978): Restatement (Second) of Agency §244; *Smalich v. Westfall,* 440 Pa. 409, 415, 269 A.2d 476, 481 (1970). However, it would be error to declare as a matter of law Clear Lake was acting as an independent contractor in face of

plaintiffs' allegations to the contrary. Simply because the right-of-way agreement between plaintiffs and Conewango is ex contractu, the formality of assigning that contract to Clear Lake does not per se render the latter an independent contractor. The components to consider in the relationship of principal-agency are as cited by Conewango in *Stepp v. Renn,* 184 Pa. Super. 634, 637, 135 A.2d 794, 796 (1957), which include, inter alia:

"Control of the manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or the job; whether work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time."

Instantly, there is a genuine issue of fact of the status of Clear Lake to Conewango, and this burden of proof is placed with plaintiffs at time of trial by a fair preponderance of the credible evidence to satisfy the agency allegation and if failure thereof, a directed verdict will be entered as a matter of law. Further, there may well exist a mixed issue of law and fact at time of trial of the status of defendants, inter se, and therefore the court may not grant a demurrer under these circumstances.

## II

### *Preliminary Objections in the Nature of a Demurrer*

This demurrer speaks to plaintiffs' claim for treble damages for the wrongful cutting and removal of plaintiffs' standing timber. The claim is founded in section 3 of the Act of March 29, 1824, P.L. 152.

This act was subsequently amended in 1939 and thereafter amended in 1971, changing the gradation of the offense from a misdemeanor to a summary offense, and finally the act was totally repealed by enactment of the current Pennsylvania Crimes Code in 1972 and the accompanying Repealer Act of 1972.

There are no appellate court cases addressing this issue of damages plaintiff claims subsequent to 1972; however, we have been given the case of *Hall v. Horstman Builders Inc.*, 37 D.&C. 3d 255 (1984), wherein the court discussed the historical creation of the act, the subsequent amendments and the repealer thereof, concluding treble damages were no longer available.

Plaintiffs acknowledge the holding of *Hall, supra,* but argue the rules of construction as cited in 1 Pa.C.S. §1974 preserve the right of treble damages despite the repeal of the statute which created treble damages. Our reading of the Statutory Construction Act compels an opposite conclusion. The statute provides:

"Whenever a statute which created a personal or property right in degradation of the common law is repealed as absolute or by a code which does not contain expressed provisions with respect to such personal or property right, the repeal shall not be construed to revive the prior inconsistent common-law rule, but such repeal shall be construed as a recognition by the General Assembly that such personal or property right has been received into and has become a part of the common law of the commonwealth."

It is plaintiffs' argument treble damages did not exist at common law and treble damages are in degradation of common law and the right was created by the initial legislation in 1824. From this

foundation plaintiffs argue since the statute was repealed the right to treble damages becomes part and parcel of the common law, notwithstanding treble damages did not exist at common law. We have difficulty in following this logic in light of the language of 1 Pa.C.S. §1978. Read closely, the language does not support plaintiffs' interpretation. The statute simply says, quite clearly, when a statute creates a right not in existence at common law and is subsequently repealed, "the repeal should not be construed to *revive* the prior inconsistent common law rule. . . ." The statute necessarily recognized there was indeed a common law prior to the statute permitting treble damages or, if not treble damages, a degree of damages for wrongful cutting of timber. Here, there was no common-law right to treble damages; therefore, it should be clear when the legislature created that right by statute and subsequently repealed it there is nothing to revive at common law, which is, of course, in keeping with the interpretation of section 1978, and since the right to treble damages is a creature of the legislature its repeal terminates the right to treble damages that was created.

Finally, plaintiffs' rely on *Quinn v. Marazza,* 7 D.&C. 3d 168 (1978), and a case preceding the repeal of the statute, *Commonwealth v. Musser Forests Inc.,* 394 Pa. 205, 146 A.2d 714 (1958). Because *Commonwealth v. Musser Forests Inc., supra,* was cited in *Quinn, supra,* we will not discuss the latter. We also do not accept the holding of *Quinn v. Marazza* for the reason the court did not specifically address any objections filed to a claim for treble damages. The commonwealth objected to the allegations that the claim of plaintiff was for punitive damages, and the court in discussing the sufficiency of the pleadings under rule 1019 found,

"Clearly, if the facts of the complaint are proven at trial, plaintiff will be entitled to treble damages. Damages for wrongful conversion of trees has long been recognized in the law as justifying double or treble damages as a compensation and not necessarily as a penalty. See *Commonwealth v. Musser Forests Inc.*" It is apparent the court was thinking in terms of the right of plaintiff to punitive damages as contrary to treble damages as compensatory damages. Indeed, instantly, plaintiffs have filed a claim for punitive damages which we subsequently address.

We hold now under the law as we understand it without guidance from the appellate courts plaintiffs are not entitled to treble damages due to the repealed statute.

It is our opinion currently if plaintiffs are entitled to recover damages the damages will be based on the fair market value of the trees as they existed prior to their cutting with additional damages as to their fair market value at full growth as if plaintiffs elected to harvest the trees.

### III

#### *Preliminary Objections in the Nature of a Demurrer*

This demurrer speaks to plaintiffs' claim for punitive damages. Defendants argue the allegations of the complaint are insufficient on which to base punitive damages. Paragraph 15 of the complaint alleges:

"Throughout the time periods referred to in the preceding paragraphs, both of the defendants in all their actions complained of herein, conducted themselves in a wanton, reckless, willful and intentional manner, knowing that their conduct was not in accord with law and with the right-of-way agree-

ment and in reckless disregard of the plaintiffs' property and rights."

In *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa. Super. 90, 464 A.2d 1243 (1983), the court rendered an erudite opinion on punitive damages, therein citing numerous cases the right to punitive damages is a "mere incident to a cause of action," further quoting:

"Thus, the purpose of punitive damages is two-fold, to punish the wrongdoer and to deter both him and others from engaging in similar conduct in the future." (citations omitted)

The court further stated:

"Nonetheless, a court may not award punitive damages merely because a tort has been committed. Additional evidence must demonstrate willful, malicious, wanton, reckless or oppressive conduct." (citations omitted)

The court observed that the foregoing rule requires plaintiff to meet an additional burden as to outrageous, egregious conduct of the defendant.

In the recent case of *Kirkbride v. Lisbon Contractors,* 521 Pa. 97, 555 A.2d 800 (1989), the court held punitive damages need not have a reasonable relationship to compensatory damages.

In terms of pleading, the court held in *Witchey v. Lisi,* 17 D.&C. 3d 131 (1980), and observed Pennsylvania has adopted Restatement (Second) of Torts, §908, permitting punitive or exemplary damages for conduct which is outrageous, based upon defendant's evil motive or reckless indifference to the rights of others, "Punitive damages are not awarded for mere, inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence."

Instantly, plaintiffs' cause of action is based upon negligence in trespassing upon plaintiffs' property,

and paragraph 15 is a pleading in conclusion of the conduct of the defendants that their conduct was not in accord with law and with the right-of-way agreement. We find no fault in utilizing words such as wanton, reckless, willful and intentional; however, to support an award of punitive damages the pleadings must state in what manner defendants' conduct was egregious and intentional. We appreciate this may border on objections to evidentiary pleading; however, if plaintiffs can appropriately plea defendants traversed over the property line into plaintiffs' premises knowing where the property line was, this would be an example of willful and intentional conduct that clearly would support awarding of punitive damages.

We will therefore grant this preliminary objection.

Defendants' additional objections that punitive damages are not awardable for breach of contract is without merit in that plaintiffs' complaint is founded in negligence despite the assignment of a contract, which is not dispositive of plaintiffs' right to elect a remedy.

Defendants' objection punitive damages are not awardable for trespass upon real property or the cutting of timber is without merit.

## IV

*Defendants' Motion for More Specific Complaint*

This preliminary objection is to paragraphs 11 and 12 of plaintiffs' complaint in that plaintiffs fail to allege the amount of damages claimed.

Paragraph 11 of the complaint lists eight items of damage without itemizing the dollar loss.

Plaintiffs argue they are entitled to allege general damages under one or both of the theories of trespass to land and breach of contract. We sug-

gested at time of argument this invariably poses problems at time of trial when, as here, plaintiffs are advancing a mixture of what plaintiff perceives to be an action in contract as well as in tort without specifically identifying the nature of the claim. Rule 1020 of Rules of Civil Procedure permits the pleading of more than one cause of action and mandates each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

Defendants are entitled to know the theory of recovery upon which plaintiffs are proceeding without guessing what their defense may be as plaintiffs advance their respective actions at time of trial.

Addressing paragraph 11 specifically, some of the allegations of damages are clearly those that can be liquidated and others are unliquidated; e.g. 11(a) pleads plaintiffs have suffered a loss of use of their land (unliquidated). Paragraph 11(c) pleads plaintiffs have suffered irreparable damage in the loss of timber, loss of potential growth of timber and loss of profits from the manufacture of timber into lumber and other wood products (liquidated).

Paragraph 12 alleges plaintiffs retained a consulting forester to determine the amount of their loss and to plan and supervise reclamation and restoration work (of the land). "The cost of such services will be proved at trial."

Plaintiffs' reliance on 4 Standard Pa. Practice 2d, paragraph 23.18, following cases cited when, as a general rule, damages are sought for property destroyed or injured by defendants' negligence it is not necessary to aver the value of each particular item, is inappropriately applied in the instant case. The genesis of this rule stems from automobile and highway traffic damages and clearly not to damages to realty as here.

It is apparent plaintiffs know the loss to the timber cut and removed as well as to the surface damage that will be incurred by reclamation work in that plaintiffs have retained a consulting forester to make this determination. These damages are clearly liquidated damages in that they lend themselves to a reduction to dollars and cents. Unliquidated damages are those which the law permits recovery despite the fact it is impossible to reduce the damage to a monetary amount.

Rule 1021(b) requires a pleading demanding relief for unliquidated damages to state if the amount claimed is or is not in excess of $10,000, and (c) in counties having rules governing compulsory arbitration the plaintiff shall also state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule.

We recognize we could relegate defendants to extensive discovery to determine the species of trees alleged to have been cut, the board feet thereof and the value pertaining to each. This seems to us to be totally unnecessary in light of plaintiffs' burden of proof at time of trial which, for the most part, the claim is for liquidated damages. Rule 1019(f) requires averments of time, place and items of special damage shall be specifically stated.

We therefore grant this preliminary objection and order plaintiffs to state specifically the number and species of trees cut and the determined value thereof as plaintiffs perceive the damage. Also plaintiffs shall itemize the damage to the surface of the realty, costs of restoration and reclamation as plaintiffs perceive that cost to be.

Paragraph 11(a) and paragraph 11(b) may be pled generally without itemization. Plaintiffs shall state the cost of the retained forester. Plaintiffs shall comply with rule 1021(b) and (c) as is appropriate.

Finally, although not directed by the court, we strongly suggest plaintiffs give due consideration if plaintiffs perceive their entire action is in tort, contract, or a combination of both; and if the latter, to comply with rule 1020 of Rules of Civil Procedure.

For these reasons we enter the following

## ORDER

And now, December 8, 1989, the preliminary objection in nature of a demurrer of defendant Conewango re agency/independent contractor issue is denied to be determined at time of trial.

The preliminary objection in nature of a demurrer of defendant Conewango re awarding of treble damages to plaintiffs is sustained.

The preliminary objection of defendant Conewango re punitive allegations is sustained and plaintiffs are granted leave to file an amended complaint to plead specifically and in what manner defendants' conduct rises to an award of punitive damages if compensatory damages are recovered.

The preliminary objection of defendant Conewango for more specific complaint is granted as to paragraphs 11 and 12 of plaintiffs' complaint, and plaintiffs are granted 20 days to amend the complaint in compliance with the opinion herein addressing paragraphs 11 and 12.