# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Spencer,                                    :
                                                  :
                    Appellant                     :
                                                  :
          v.                                      : No. 913 C.D. 2017
                                                  : Argued: February 5, 2018
Mike Grill and Construction Code                  :
Inspectors, Inc.                                  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  April 10, 2018**


          Twila Spencer (Appellant) appeals from the June 23, 2017 order of the
Court of Common Pleas of Venango County (Trial Court) granting summary
judgment in favor of Mike Grill (Grill) and Construction Code Inspectors, Inc. (CCI)
(collectively, Appellees).  Appellant argues that the Trial Court erred in holding that
her malicious prosecution claim against Appellees, who issued a citation against her,
could not state a cause of action on the facts as she alleged them because Appellees
did not lack probable cause in issuing said citation, and further erred in holding that
her claims were barred by the governmental immunity provisions under the act
commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act),
42 Pa. C.S.  §§ 8541-8542, and the related immunity provisions.  For the following
reasons, we affirm.

This controversy dates back to 2008, when Appellant and her now-deceased husband were issued a zoning citation for failure to secure a building permit for an addition to a garage situated on property they owned in Cranberry Township (Township). Grill, now owner of CCI, testified at deposition that he first became aware of the new construction in 2008 when, as an employee of CCI, the firm contracted with by Township to perform construction code enforcement, he observed a pole building being framed at the site owned by Appellant and went there to address the lack of a building permit. (Certified Record (C.R.) Item 59, Response to Defendant's Motion for Summary Judgment, Exhibit 2, November 14, 2016 Deposition, Reproduced Record (R.R.) at 152A.) At that time, Grill spoke to Appellant's son, Randy Spencer, who was constructing the addition to a garage situated on the property and to Randy Spencer's contractor; Randy Spencer told him that the building was intended to be exempt from the building code requirement for a permit as it was to be "agricultural," for incubation and the raising of birds. (*Id.*, R.R. at 152A, 168A-170A, 189A.)

Following his conversation with Randy Spencer, Grill sent Appellant and her husband a letter, on January 21, 2008, in which he informed them that regardless of the building classification, a zoning permit was required, and offered additional information regarding the qualifications for the agricultural use exemption. (C.R. Item 49, Exhibit G, 1/21/2008 Letter, R.R. at 71A.) Grill recommended they acquire a building permit for an "Accessory Building to a single family dwelling unit" rather than invoke the agricultural exemption, cautioning them that he could observe the building from his office, and any use of the building other than agricultural would be obvious. (*Id.*) In its opinion granting Appellees' motion for summary judgment, the Trial Court refers to a zoning citation that was apparently issued against Appellant and her husband by Township; however, this citation was

2

dismissed at a hearing held in September 2008.[1]  (C.R. Item 10, June 23, 2017 Trial Court Opinion at 1-2.)

Over the next five years, Grill observed that the building was not being used for agricultural purposes; in 2013, after a visit from Randy Spencer's contractor during which he confirmed Grill's suspicions, Grill provided an affidavit of probable cause and on September 25, 2013, he obtained a search warrant for the building and conducted a search, taking photographs to confirm its non-agricultural use.  (C.R. Item 49, Motion for Summary Judgment, Exhibit J; R.R. at 121A-126A.)  After Appellant failed to respond to several letters from Grill, on October 23, 2013, a non-traffic citation was issued, charging Appellant with a Uniform Construction Code (UCC) violation described as, "[Appellant] did occupy or allowed to be occupied a structure at 145 Garden Lane, Franklin, PA without obtaining certificate of occupancy…." (C.R. Item 49, Motion for Summary Judgment, Exhibit L; R.R. at 127A.)  Appellant pleaded not guilty to the citation, and at a hearing held on December 19, 2013, and following cross-examination of Grill by Appellant's counsel, the citation was withdrawn by Grill.[2]  (*Id*., Exhibit I, Private Criminal Complaint Hearing.)

---

[1] The reproduced record contains excerpts from the transcript from a summary appeal hearing conducted on September 4, 2008; the transcript provided omits the presentation of the Commonwealth's case against Appellant and her husband, but includes a motion to dismiss offered by Appellant's counsel, on the ground that there was no evidence that either husband or wife was involved in the construction of the building addition.  (2008 Hearing Transcript, Reproduced Record (R.R.) at 226A-230A.)  In the course of the hearing, the court queried why the contractor of the building addition did not secure a permit, and stated, "[i]f the contractor didn't get it, it may well be that the person who hired the contractor should.  But there is no evidence that these people had anything to do with it." (*Id*., R.R. at 230A.)  The court then stated that "[t]his being a criminal action, the [c]ourt finds that there is insufficient evidence to prove [its] case beyond a reasonable doubt.  Accordingly, the defendants are found not guilty." (*Id*.)

[2] Grill stated at the hearing,

3

In her amended complaint, filed October 30, 2014, alleging malicious prosecution by Appellees,[3] Appellant avers, *inter alia*, that in September and October, 2013, Appellees, notwithstanding their knowledge that the property was leased and occupied by Randy Spencer, caused Township to file a criminal citation against Appellant and her husband in an effort to collect inspection and building permit fees for a building that she neither constructed nor occupied. (C.R. Item 20, Amended Complaint, ¶¶ 8, 11.) Appellant alleges that as a result of the malicious prosecution instituted by Appellees, she suffered significant damages, including attorneys' fees and expenses in defending herself at the hearing; nervousness, embarrassment and humiliation as a result of the false allegation that she was a criminal; and mental anguish normally associated with a criminal prosecution. (C.R. Item 20, Amended Complaint, ¶ 16.)

> At this point, Your Honor, I can see that I have erred in a number of issues, and again it's, I think, in the future I would probably have to defer to counsel before I can – if I'm going to take on an action of this magnitude…[I] make decisions constantly on a daily basis, as to whether they're code compliant or not. I always tell the constituent or the permit holder that if you disagree you do have the right to appeal. I felt that I was taking that course of action. Now, with that said again, this whole matter of having the police and everything [during the search conducted], I know that Mr. Spencer's not the most congenial person in the world and I felt that I was not going to get anywhere by requesting his permission, and I probably erred in that decision also. I, at this point, I think will withdraw the citation.

(C.R. Item 49, Motion for Summary Judgment, Exhibit I; R.R. at 118A-119A.)

[3] Appellant's original complaint also included Township as a defendant. (C.R. Item 8, Complaint.) Township filed preliminary objections on the ground that it was entitled to governmental immunity, and after the objections were sustained and the complaint dismissed against the Township, Appellant filed an amended complaint.

On February 27, 2017, Appellees filed a motion for summary judgment; oral argument was held on April 6, 2017, and on June 23, 2017, the Trial Court issued its order granting summary judgment. (C.R. Item 9, Trial Court Order.) The Trial Court concluded that although Appellant was not barred from asserting a claim of either malicious prosecution or a claim under the Dragonetti Act, 42 Pa. C.S. §§ 8351-8354, the facts alleged did not support a finding that Appellees lacked probable cause or acted with gross negligence, thereby entitling Appellees to summary judgment; in addition, the Trial Court ruled that, for purposes of the Tort Claims Act, Appellees were "employees" of Township and therefore entitled to governmental immunity. (C.R. Item 10, Trial Court Opinion.)

On appeal to this Court,[4] Appellant argues that Appellees are not entitled to immunity under the Tort Claims Act. Section 8541 of the Tort Claims Act provides: "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person." 42 Pa. C.S. § 8541. Section 8545 further provides: "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee, which are within the scope of his office or duties only to the same extent as his employing agency and subject to the limitations imposed by this subchapter." 42 Pa. C.S. § 8545. The Tort Claims Act defines "employee" as:

---

[4] Our scope of review of a trial court's order granting summary judgment is plenary and we apply the same standard for summary judgment as does the trial court. *Cornell Narberth, LLC v. Borough of Narberth*, 167 A.2d 228, n.5 (Pa. Cmwlth. 2017). Summary judgment is appropriate only when, after reviewing the record in a light most favorable to the non-moving party, and resolving any doubt regarding issues of fact against the moving party, it is clear that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Pentlong Corporation v. GLS Capital, Inc.*, 72 A.3d 818 (Pa. Cmwlth. 2013).

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.

42 Pa. C.S. § 8501. Appellant argues that Appellees are independent contractors and cannot be imbued with the protections of governmental immunity. She contends that notwithstanding its conclusion that the factors enunciated in *Hammermill Paper Company v. The Rust Engineering Company*, 243 A.2d 389 (Pa. 1968), were absent, the Trial Court granted immunity to Appellees based simply on its determination that they were performing a government function and there was a written contract between Township and Appellees. We disagree.

In *Hammermill*, our Supreme Court reversed a trial court's determination that an employer-employee relationship, and not an owner-independent contractor relationship, existed between an engineering contractor and a manufacturer, where the contractor was hired to construct a wall that subsequently collapsed. The Supreme Court opined that while no hard and fast rule exists to determine whether a particular relationship is that of employer-employee or owner-independent contractor, certain guidelines have been established and certain factors are required to be taken into consideration, including:

> [c]ontrol of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the

6

> tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Hammermill,* 243 A.2d at 392 (quoting *Stepp v. Renn*, 135 A.2d 794, 796 (Pa. Super. 1957)). The Supreme Court determined that the engineering contractor was an independent subcontractor, finding significant that the contractor was engaged in the specialized business of industrial construction and in possession of the necessary skills to perform the required work. *Id.*

Whether a person acts as an independent contractor or an employee is a question of law. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Exp.)*, 631 A.2d 693, 696 (Pa. Cmwlth. 1993). The facts concerning the relationship between Appellees and Township were undisputed. The agreement, entitled "For [UCC] Inspection Services," between Township and CCI specified that CCI will be the "exclusive Administrator and Enforcement Authority and the Primary On Site Inspection Agency." (C.R. Item 49, Exhibit E.) Chapter 403 of Title 34 of the Pennsylvania Code governs the administration and enforcement of the UCC, and Section 403.3(a) provides that a municipality shall employ or contract with a building code official to enforce the Pennsylvania Construction Code Act.[5] 34 Pa. Code § 403.3(a). Township designated CCI to act on its behalf, and its exclusive contract with CCI specified, *inter alia*, that CCI will, at no fee, assist Township in (i) notification to applicants of non-compliance; (ii) letters of non-compliance to applicant and municipality; (iii) local appeals hearings and hearings at court of common pleas; and (iv) follow-up on court orders and compliance issues. (*Id.*) Under the agreement, CCI is responsible to administer and enforce the

---

[5] Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. §§ 7210-101-7210-1103.

7

appropriate building codes, review and issue permits, and serve as primary on-site inspector for UCC field inspections, all clearly under the authority of Township. The fee structure for permits is set by agreement with Township, and Appellees must report all permitting activity each month and assist in enforcement actions. (*Id*.) These facts demonstrate that Appellees were non-traditional employees, not independent contractors.

Our Court has held that a township code enforcement officer is a 'non-traditional employee,' and therefore entitled to governmental immunity. *Cornell Narberth, LLC v. Borough of Narberth*, 167 A.3d 228, 240 (Pa. Cmwlth. 2017); *Higby Development v. Sartor*, 954 A.2d 77 (Pa. Cmwlth. 2008), *vacated and remanded on other grounds*, 991 A.2d 305 (Pa. 2010). In *Higby*, this Court held that under the Tort Claims Act's definition of 'employee,' "there is no requirement that a person be an employee in the traditional sense, but only that the employee is acting on behalf of the government entity."[6] *Higby*, 954 A.2d at 85. More recently, our Court again concluded that a company hired by a borough as its official building inspector, responsible for examining and approving construction drawings, recommending the issuance of building permits and inspecting the construction, was acting as an employee of the borough for purposes of the Tort Claims Act. *Cornell Narberth, LLC*, 167 A.3d at 240. We find here that the Trial Court correctly determined that Appellees acted on behalf of Township in accordance with the Tort Claims Act's definition of 'employee' and as such are entitled to governmental immunity under the Tort Claims Act.

---

[6] We recognize that the Pennsylvania Supreme Court vacated this Court's order in *Higby* and remanded to the trial court for further proceedings on the intentional tort claims in that matter; however, it did not reverse this Court's holding that a third party that acts on behalf of a government unit in performing governmental functions is immune from liability under the Tort Claims Act.

For the foregoing reasons, we affirm the Trial Court's grant of summary judgment in favor of Appellees. Because the claims against Appellees are barred in their entirety by governmental immunity, we need not reach the second issue raised in the motion for summary judgment with regard to probable cause for issuance of the citation to Appellant.

_____

**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Twila Spencer,                            :
                                          :
                    Appellant             :
                                          :
          v.                              : No. 913 C.D. 2017
                                          :
Mike Grill and Construction Code          :
Inspectors, Inc.                          :

## ORDER

AND NOW, this 10th day of April, 2018, the order of the Court of Common Pleas of Venango County granting the Motion for Summary Judgment filed by Mike Grill and Construction Code Inspectors, Inc. in the above-captioned matter is AFFIRMED. In addition, it appearing that a docketing statement has been filed in this matter, Appellant's request for an extension of time within which to file the docketing statement is dismissed as moot.

_____
**JAMES GARDNER COLINS, Senior Judge**