IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Shannon,                          :
                          Petitioner     :
                                         :
                  v.                     :     No. 46 C.D. 2020
                                         :     Submitted: June 5, 2020
Workers' Compensation Appeal             :
Board (Ogden Newspapers of               :
Pennsylvania),                           :
                          Respondent     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                         FILED:  August 25, 2020

        Rodney Shannon (Claimant) petitions for review of the decision of the
Workers' Compensation Appeal Board (the Board) affirming the workers'
compensation judge's (WCJ) denial of his claim for Workers' Compensation (WC)
benefits.  Claimant was engaged in delivery work for the Altoona Mirror, a
newspaper owned by Ogden Newspapers of Pennsylvania (Respondent), when he
was injured in a customer's icy driveway.  Claimant argues that the Board erred in
finding that Claimant was an independent contractor and in denying WC benefits as
a result.[1]  Discerning no error below, we affirm the Board's order.

_____

        [1] On appeal to the Board, Claimant's counsel requested bifurcation of the case and that the
issue of whether the Claimant was an employee be decided before evaluating the medical aspects
of the case.  Therefore, this Court considers the issue of WC benefits based on a review of the
Board's opinion that Claimant was an independent contractor.  We do not evaluate medical
evidence in this case.

# I.    Background

Claimant was a delivery person for Respondent when he was injured on December 17, 2017.  Reproduced Record (R.R.) at 1a.  Claimant worked for Respondent during a period of approximately nine years.  WCJ Op., 8/24/2018, Findings of Fact (F.F.) No. 6.a.  On an average workday, Claimant would receive 500-600 newspapers at his home between 2:00-3:00 a.m.  F.F. No. 6.b.  Claimant traveled approximately 70 miles per day to deliver the papers.  *Id.*  Respondent imposed a 6:00 a.m. deadline by which time Claimant was required to deliver all papers to customers in 100-150 homes, stores, and newspaper vending machines.  *Id.*  At a hearing before the WCJ, Claimant testified he did not select his own delivery route, but was instead instructed by Respondent how to travel.  F.F. No. 6.j.

Respondent imposed several requirements on Claimant in addition to delivery time and manner.  *See* R.R. at 336a-37a.  At certain times, Claimant was required to deliver newspapers to non-customers in the hopes that they would become customers.  F.F. No. 6.c.  Respondent provided Claimant with advertising inserts that he was required to place in the newspapers.  F.F. No. 6.h.  Respondent sometimes required that Claimant use holiday-themed advertising bags as delivery packaging.  F.F. No. 6.i.  Claimant asserts that he did not have control or discretion over these requirements.  *See* R.R. at 336a-37a.

Claimant did not collect money from customers or select customers to include on his route.  F.F. No. 6.d.  If customers had complaints or concerns, Claimant did not handle these interactions, but they were instead directed to Respondent.  *See id.*  One customer complained to Respondent that her paper was being thrown into her driveway and that it should be delivered to her front porch.

2

F.F. No. 6.k. As a result, Claimant was required to get out of his car and walk on this customer's driveway to deliver her newspaper to her front porch. *Id.*

On December 17, 2017, Claimant left his vehicle and walked on the customer's driveway in order to deliver her newspaper to her front porch as requested. F.F. No. 6.l. While walking on the driveway, Claimant slipped and fell on ice, fracturing his ankle. *Id.* Claimant was hospitalized for 11 days. *Id.*

Claimant had previously signed an independent contractor agreement on November 2, 2016. F.F. No. 16. Claimant had also signed prior identical agreements in 2014 and 2011. *Id.* The independent contractor agreement stated that Claimant was "an independently established business enterprise" and that as an independent contractor, Claimant understood that he is not entitled to employee benefits from Respondent, including WC benefits. *Id.*

Claimant filed a Claim Petition for WC benefits on February 14, 2018. R.R. at 1a. Hearings were held on April 10, 2018, May 23, 2018, and June 26, 2018. Resp't's Br. at 3. On August 24, 2018, the WCJ denied the Claim Petition. WCJ Dec., 08/24/18, at 13. Claimant appealed to the Board and the decision of the WCJ was subsequently affirmed by the Board on December 16, 2019. Board Op., 12/16/19, at 10. Claimant now petitions this Court for review.

## II.    Discussion

On appeal,[2] Claimant argues that the Board erred in affirming the WCJ's finding that he was an independent contractor.  Claimant asserts that because Respondent controlled the manner and methods by which its newspapers were delivered, Claimant was not an independent contractor for WC benefits purposes.  Further, Claimant argues that the present case is distinguishable from applicable precedent within this area of law.

### A. Nature of Employment Relationship

The existence of an employer-employee relationship is a question of law based on the WCJ's findings of fact.  *Southland Cable Co. v. Workmen's Comp. Appeal Bd. (Emmett)*, 598 A.2d 329, 330 (Pa. Cmwlth. 1991).  "[I]n order to qualify for [WC] benefits, a claimant has the burden of establishing that an employment relationship existed at the time of the injury and that the injury was related to the employment.  *Johnson v. Workmen's Compensation Appeal Board (DuBois Courier Express)*, 631 A.2d 693, 695 (Pa. Cmwlth. 1993).  In a worker's compensation case, the WCJ is the sole arbiter of fact.  *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd.  (Skirpan)*, 612 A.2d 434 (Pa. 1992).  The findings of the WCJ can only be disturbed if there is no competent evidence to support the findings. *Universal Cyclops Steel Corp. v. Workmen's Comp. Appeal Bd. (Krawczynski)*, 305 A.2d 757 (Pa. Cmwlth. 1973).

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

Pennsylvania does not have a "hard and fast rule" that governs the distinction between an employer-employee relationship and an owner-independent contractor relationship. *Hammermill Paper Co. v. Rust Eng'g Co.*, 243 A.2d 389, 392 (Pa. 1968). However, certain guidelines and factors have been established to consider the nature of these relationships, including:

> Control of manner [of] work . . . to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer; and also the right to terminate the employment at any time.

*Id.* (quoting *Stepp v. Renn*, 135 A.2d 794, 796 (Pa. Super. 1957)). "[W]hile each factor is relevant, there are certain guidelines that have been elevated to be dominant considerations. . . . [C]ontrol over the work to be completed and the manner in which it is to be performed are the primary factors in determining employee status." *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 333 (Pa. 2000) (citing *JFC Temps, Inc. v. Workmen's Comp. Appeal Bd. (Lindsay and G & B Packing)*, 680 A.2d 862 (Pa. 1996)).

Claimant asserts that Respondent controlled the manner and methods by which he was required to deliver newspapers. Claimant cites several examples, including time of delivery, delivery route, and means of delivery. Claimant's Br. at 8-10. Given the length of the route, 70 miles, and Respondent's requirement that the newspapers be delivered by 6:00 a.m. on weekdays and 7:00 a.m. on weekends, Claimant asserts that a motorized vehicle was "the only means of accomplishing the route" even though it was not explicitly required by Respondent. *Id.* at 10.

5

In his decision, the WCJ found 11 factors suggesting that Claimant had entered into an independent contractor relationship with Respondent. R.R. at 363a. Specifically, the WCJ cited testimony from Mr. Robert Killinger (Killinger), the District Manager for the Altoona Mirror. Killinger stated that he would sometimes not see Claimant for months. F.F. No. 26.j. In his opinion, the WCJ stated, "This indicates that there was not a degree of supervision that one normally sees in an employment relationship and is more akin to the standard independent contractor relationship." *Id.*

Additionally, the WCJ found that while Claimant was shown the quickest delivery route by Killinger via an audio CD, Claimant was free to use his own route. F.F. No. 26.h. Claimant was also required to supply his own vehicle for use in the deliveries, and he was not reimbursed for mileage or use of the vehicle. F.F. No. 26.f. The WCJ stated, "[e]mployees are generally reimbursed for use of their privately-owned vehicles for activities in furtherance of the [Respondent]'s business." *Id.*

Upon its review, the Board held that "[t]he controlling case in this matter[,] as discussed by the WCJ, is *Johnson v. W*[orkmen's Compensation Appeal Board] (*DuBois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)." Board Op., 12/16/2019, at 7. In the present appeal before this Court, Claimant argues that his case is distinguishable from applicable precedent, specifically *Johnson.* Claimant's Br. at 11. However, Claimant admits that "Pennsylvania courts have . . . traditionally held that newspaper carriers or 'newsboys' were independent contractors rather than employees." *Id.* at 12.

6

In *Johnson*, this Court held that a 13-year-old newspaper carrier was an independent contractor because the newspaper did not exercise substantial control over his activities. *Johnson*, 631 A.2d at 702. As with Claimant in the present case, in *Johnson*, the newspaper carrier "was only told to deliver the papers by [a specific time], so that customers received 'news' rather than 'history,' but he was never directed otherwise as to the time or mode of delivery or the route traveled." *Id.* at 697. The newspaper carrier was not required to use particular transportation to complete his route, and following the drop-off point of the newspapers, the newspaper had no further investigation or supervision regarding the delivery of the papers. *Id.* The newspaper carrier was also eligible to deliver competing newspapers and was permitted to substitute a person to deliver his papers without giving the newspaper notice or receiving prior approval. *Id.* at 697-98. The WCJ found that the present Claimant also enjoyed the opportunities for unrestricted substitutions and additional delivery routes for competing publications. F.F. No. 26.i; R.R. at 88a.

Claimant asks that this Court consider the "erosion of 'newsboy' independence that has occurred since the . . . *Johnson* cas[e] w[as] decided." Claimant's Br. at 15. However, this consideration does not fall within our scope of review. *See Clippinger*, 38 A.3d 1037. As the Board appropriately identified *Johnson* as the controlling case law within this context and analyzed Claimant's case accordingly, the Board did not commit an error of law in affirming the WCJ's decision that Claimant was an independent contractor for WC benefits purposes.

### B. Distinguishability of Additional Applicable Case Law

In addition to *Johnson*, Claimant cites *Balinski v. Press Publishing Co.*, 179 A. 897 (Pa. Super. 1935), and *Rodgers v. P-G Publishing Co.*, 166 A.2d 544 (Pa. Super. 1960), as examples of applicable case law that are distinguishable from

Claimant's present case. In both cases, the newspaper distributors in question purchased the newspapers from the publishing company, and upon making sales to customers, kept the profits. *See Balinski*, *Rodgers*. These newspaper distributors were found to be independent contractors.

Claimant attempts to draw a distinction between himself and the subjects of these cases to assert that he was not an independent contractor. While we acknowledge that Claimant did not deliver papers under a model of personally purchasing newspapers from Respondent, this fact is not dispositive. Although Claimant urges this Court to consider the evolving nature of the newspaper delivery business in rendering our decision, this Court has recently held that a newspaper carrier is an independent contractor where the facts showed the newspaper's lack of control over the work or the manner in which it was completed. *See Gallagher v. Workers' Comp. Appeal Bd. (Trib Total Media, Inc.)*, (Pa. Cmwlth., No. 1087 C.D. 2014, filed February, 17, 2015), 2015 Unpub. LEXIS 111.[3]

In *Gallagher*, this Court "noted two facts in particular indicated [a] lack of control": the lack of prohibition on delivering competing newspapers and the ability to enlist a substitute without prior notice or permission. *Gallagher*, slip op. at 6, 2015 LEXIS at *7 (citing *Johnson*, 631 A.2d at 697-698). Claimant, in the present case, is similar to the carrier in *Gallagher* in both these regards. This supports the conclusion that Respondent did not control either Claimant's work or the manner of his performance, only the result. *Id.* Therefore, Claimant's case is

_____

[3] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

also not distinguishable from a modern understanding of newspaper delivery by this Court.

### III. Conclusion

The Board did not err in affirming the decision of the WCJ that Claimant was not an employee of Respondent for WC benefits purposes. The record supports the WCJ's finding that Respondent's lack of control over Claimant's newspaper delivery constituted an independent contractor relationship. For the foregoing reasons, we affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Shannon,                        :
                Petitioner        :
                             :
          v.                        :        No. 46 C.D. 2020
                             :
Workers' Compensation Appeal          :
Board (Ogden Newspapers of            :
Pennsylvania),                         :
              Respondent       :

## **O R D E R**

**AND NOW**, this 25th day of August 2020, we **AFFIRM** the order of

the Workers' Compensation Appeal Board.

_____
J. ANDREW CROMPTON, Judge